[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14976
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 2, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-21801-CV-ASG

LUTHER A. COLLIE,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL OF THE STATE
OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2009)

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Luther Collie, a Florida prisoner, appeals the denial of his petition for a writ of habeas corpus. 28 U.S.C. § 2254. Collie argued that his trial counsel was ineffective for failing to object when the State removed by peremptory challenge an African-American member of the venire after the trial court denied a challenge for cause against that member of the venire. The district court denied the writ but granted Collie a certificate of appealability to resolve whether trial counsel was ineffective "for [his] failure to object to or request a race-neutral reason for the prosecutor's use of a peremptory challenge to strike the lone eligible prospective African-American juror from the venire." Because it was not an unreasonable application of clearly established federal law for the Florida courts to conclude that Collie failed to state a claim of ineffective assistance of counsel, we affirm.

## I. BACKGROUND

Collie participated in the armed robbery of a truck owned by the United Postal Service and the kidnapping of its driver. After the authorities arrested Collie, the driver of the truck identified Collie as one of his assailants, and Collie admitted his involvement in the crimes. Collie was charged by information for four crimes: armed carjacking, display of a weapon during the commission of a felony, armed kidnapping, and burglary of an occupied conveyance.

2

During voir dire, the prosecutor questioned a member of the venire, Jean

Baptiste, about his recent graduation from high school, lack of employment, and

future plans. Baptiste responded negatively when the prosecutor asked him if

Collie's youth would "play a role" in Baptiste's verdict. When Baptiste was asked

by the prosecutor what his verdict would be if the State proved Collie's guilt

beyond a reasonable doubt, Baptiste responded equivocally, but when the trial

court asked Baptiste a similar question, he stated he would find Collie guilty.

The trial court advised Collie to consult with his counsel about the venire.

After a break, the trial court asked Collie if he had "sufficient time to go over the

jurors with [his] attorney," and Collie responded affirmatively. The trial court

seated six jurors, after which the judge asked Collie if he was "in agreement with

those six," and he responded affirmatively. The prosecutor and defense counsel

then used backstrikes to seat two alternate jurors.

After the trial court seated one alternate juror, the prosecutor challenged

Baptiste for cause. The trial court denied the challenge for cause but allowed the

prosecutor to use a peremptory challenge against Baptiste. The trial court seated

the next individual on the list as the second alternate juror. After defense counsel

stated that he would "accept that," the trial court asked Collie to consider the six

petit jurors and two alternates and, before they were sworn, to state any objection

3

that he had to those jurors. When asked by the trial court, Collie confirmed that he was "in agreement" with the jurors.

Collie was convicted of armed carjacking, armed kidnapping, and burglary of an occupied conveyance and sentenced to twenty-five years of imprisonment. The state appellate court affirmed Collie's convictions and sentences summarily.

Collie filed pro se in Florida court a motion for post-conviction relief. See Fla. R. Crim. P. 3.850. Collie argued that his trial counsel was ineffective for "fail[ing] to object to the state's peremptory strike of a black juror without giving non-racial reasons for doing so." Collie alleged that the "prosecution did not want [Baptiste] on the jury," Collie "liked Mr. Baptiste," and counsel should have objected to the challenge and "force[d] the court to request non-racial reasons for the strike[.]"

The trial court denied Collie's motion. The court ruled that Collie failed to "allege[] that the challenge was, in fact, racially motivated." The court cited Cook v. State, 792 So. 2d 1197 (Fla. 2001), where the Supreme Court of Florida rejected a collateral attack on trial counsel's failure to object to the removal of two African-American prospective jurors because the petitioner failed to allege a racial motivation for the removal. The trial court found that Collie "agreed to the panel that was chosen and sworn to hear the evidence" in his case and concluded that

4

Collie could not "now complain simply because they did not return the verdict he had hoped for."  Collie appealed, and the state appellate court affirmed summarily.

Collie filed a federal petition for a writ of habeas corpus and repeated his argument that trial counsel was ineffective.  Collie alleged that he "indicated he wanted . . . Baptiste on his jury"; Collie was "dismayed" when counsel failed to object to the peremptory challenge by the state; and that omission by counsel "resulted in [Collie's] loss of his constitutional right to be tried by a jury of his peers."

A magistrate judge recommended that the district court deny Collie's petition.  The magistrate judge concluded that trial counsel was "not ineffective for failing to object to the prosecutor's action" because "the record . . . did not demonstrate that Baptiste was stricken because he was African American" and Collie had "come forward with no evidence in the state court or [the] collateral proceeding that the prosecutor exercised his peremptory challenge against Baptiste because he was an African American."  The magistrate judge found that the state "had legitimate, race-neutral concerns regarding Baptiste," and cited the concerns of the prosecutor that Baptiste would be "sympathetic" to Collie "because of the similarity in their ages, and the fact that Baptiste had stated he would have a difficult time convicting" Collie.  The magistrate judge also concluded that Collie

was not prejudiced by the failure of trial counsel to preserve the <u>Batson</u> objection for review on appeal because an objection by counsel to the peremptory challenge would have lacked merit, and the decision of the state court to deny Collie's post-conviction motion was "factually reasonable and in accord with . . . federal principles."

The district court adopted the findings and recommendation of the magistrate judge. "Based on [its] review of the record, the Report and Recommendation, [Collie's] Objection, and the entire case file," the district court concluded that Collie failed to "establish[] the necessary elements of a claim for ineffective assistance of counsel."

## II. STANDARDS OF REVIEW

We review <u>de novo</u> the denial of a petition for a writ of habeas corpus. <u>McNair v. Campbell</u>, 416 F.3d 1291, 1297 (11th Cir. 2005). A petitioner is entitled to a writ of habeas corpus if the state court reached a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" clearly established federal law if either the state court reached a conclusion opposite to that reached by Supreme Court on a question of law or the state court was presented with facts that are "materially indistinguishable" from relevant Supreme

6

Court precedent, but arrived at a contrary result. Putman v. Head, 168 F.3d 1223, 1241 (11th Cir. 2001). A state court makes an "unreasonable application" of clearly established federal law if the court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. We presume that the findings of fact by the state court are correct unless rebutted by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

## III. DISCUSSION

Collie contends that his trial counsel was ineffective for failing to object and demand an explanation from the prosecutor about the reason he exercised a peremptory challenge against Baptiste. Collie argues that had counsel objected under Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986), "[i]n all probability" Baptiste would have served on his jury. Collie also argues for the first time that, had counsel objected, the issue would have been preserved for the state court to review on appeal. Collie's arguments fail.

To establish ineffective assistance of counsel, a defendant must prove that counsel provided deficient representation and the performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. Id. at 688, 104 S. Ct. at

2065; Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991). "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064.

We assess the reasonableness of counsel's decision not to object to a peremptory challenge for racial bias by first considering the standard established by the Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986). Batson requires that the defendant establish a prima facie case that the prosecutor exercised its peremptory challenge on the basis of race before the prosecutor is required to explain the reason for the challenge. Id. at 96–97, 106 S. Ct. at 1723; Bui v. Haley, 321 F.3d 1304, 1313–14 (11th Cir. 2003). To establish a prima facie case, the defendant must prove that the veniremember "is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race" and "these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the venire[member] from the [panel] on account of [his] race." Batson, 476 U.S. at 96, 106 S. Ct. at 1723 (citation omitted); Bui, 321 F.3d at 1313.

It was reasonable for the state court to rule that Collie failed to state a claim

for relief under Strickland and Batson. As the trial court explained, the removal of a member of the venire based on his race would violate the Constitution, Miller-El v. Dretke, 545 U.S. 231, 238, 125 S. Ct. 2317, 2324 (2005); Batson, 476 U.S. at 89, 106 S. Ct. at 1719, but the removal of a single African-American from the venire, without more, does not allow an inference that the challenge was racially motivated. The Court in Batson explained that a defendant must identify facts and circumstances that support an inference of discrimination, such as the pattern of challenges exercised by the prosecution, disparate questioning by the prosecutor during voir dire, and the selection by the prosecutor of non-African Americans who share characteristics used to remove African-Americans from the venire. Miller-El, 545 U.S. at 241, 125 S. Ct. at 2325; Batson, 476 U.S. at 97, 106 S. Ct. at 1722, 1723.

The district court correctly denied Collie habeas relief. The state court reasonably concluded that Collie failed to allege deficient performance by his trial counsel. Collie alleged no facts to support an inference of discriminatory animus by the prosecutor and, as a consequence, provided nothing to support his argument that trial counsel overlooked a potentially meritorious objection. It was reasonable for the state court to rule that Collie failed to allege that the performance of trial counsel was deficient. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. That

9

conclusion was not contrary to or an unreasonable application of clearly established federal law.

## IV. CONCLUSION

The denial of Collie's petition is **AFFIRMED**.